# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 6:08-CR-8 |
| | § | |
| MICHAEL JAMAL JACKSON | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On June 26, 2013, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Ryan Locker. Defendant was represented by Butch Dunbar.

Michael Jamal Jackson ("Defendant") was sentenced on July 19, 2005, before The Honorable A. Joe Fish of the Northern District of Texas after pleading guilty to the offense of conspiracy to possess with intent to distribute and to distribute a controlled substance, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of V, was 85 to 105 months. Defendant received a downward departure based on the Government's motion pursuant to U.S.S.C. § 5K1.1. Defendant was subsequently sentenced to 60 months imprisonment followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse aftercare; DNA collection; and a $100 special assessment. On May 7, 2007, Defendant completed his period of imprisonment and began service of the supervision term.

Defendant also began serving a state parole sentence upon his release on May 7, 2007. In January 2008, his state parole was revoked, and he was returned to state custody. During this time,

his supervised release was tolled. Defendant completed his term of state imprisonment on June 18, 2010 and began serving the remainder of his term of supervised release. Jurisdiction of Defendant's case was transferred to the Eastern District of Texas on February 12, 2008.

In its petition to revoke, the Government alleges Defendant violated the following conditions:

1) **Defendant shall not commit another federal, state, or local crime**. Specifically, the Government alleges on or around July 12, 2012, Mr. Jackson allegedly committed the offense of possession with intent to distribute methamphetamine in the Eastern District of Texas. On June 17, 2013, Mr. Jackson entered a plea of guilty for the above-noted offense and was remanded to the custody of the U.S. Marshals Service. As of this writing, the case is pending in the Eastern District of Texas.

2) **Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.** Specifically, the Government alleges on or around July 12, 2012, Mr. Jackson was in possession of methamphetamine as evidenced by his plea of guilty.

The Court scheduled a revocation hearing June 26, 2013. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to all the allegations as set forth above. Based upon Defendant's plea of true to the allegations, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence, which was agreed upon by the parties, be imposed as follows: Pursuant to the Sentencing

Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months with no term of supervised release to follow said term of imprisonment, to run concurrently with the term of imprisonment to be imposed in Cause No. 5:13cr12.

Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to all the allegations be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months with no term of supervised release to follow said term of imprisonment, to run concurrently with the term of imprisonment to be imposed in Cause No. 5:13cr12.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 27th day of June, 2013.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE